Mr. Justice Humphreys
delivered the following dissenting opinion:
It has become so well established that the coupons attached to bonds of the character of those in this case bear interest if not paid at maturity, that it is not necessary to refer to authorities. But for the purpose of strength, reference is made to Aurora vs. West, 7 Wall., and Virginia vs. Chesapeake and Ohio Canal Company, 32 Maryland. Interest upon interest, as it is termed, is not favored by the law, and hence the doctrine pronounced by a learned chancellor in 1 John. Ch. R. The very nature of the transaction, and the use of the instruments, the bond and the coupon, by the parties, make it interest-bearing. It is not interest upon interest in the obnoxious sense, but the coupon at maturity starts on a career of its own, the law annexing to it the office and quality of an interest-bearing instrument, and a security covering the main body covers also the appendage, which has now become inseparable by reason of the default of the borrower. The language of the act of Maryland is, “ so as to make the said bonds, and the interest to accrue thereon, preferred and *369 absolute liens on said revenues.” The language used in all the sections is the same as to the appropriation of the revenues of the company, to make the bonds, and “ the interest to accrue thereon,” preferred liens. Is the interest on the coupons, interest to accrue growing out of the bonds? The decisions say that the coupons bear interest after maturity and if interest accrue by law on the coupons on failure to pay at maturity, it is because it is interest to accrue in consequence of the bonds being issued and the coupons not paid at maturity, and there would be no interest on the coupons except such as was to accrue on the bonds as a legal consequence of the failure to take up and retire the coupons.
The bonds issued under the act provide that they shall be preferred liens on the revenues of the company until the said bonds and the interest to accrue thereon shall be fully paid. The learned court of appeals of Maryland announced as clearly settled that the coupons bear interest after maturity till paid. But will it escape the conclusion, that it must be “interest to accrue” on the bonds when that is the only interest contracted to be paid, and if this interest does not accrue upon the bonds, then there is no foundation for it. It appears to me that the distinction taken on behalf of the State of Maryland, between the coupon and the interest thereon, is at war with the repeated adjudications of the Supreme Court of the United States. It is admitted that the interest is due because the coupon is unpaid, and that it grows out of the coupon, and that the coupon is covered by the lien; but it is insisted that the company must pay this interest on the coupons after satisfying the State of Maryland.
However, it may be said that the coupons were not presented at the place where they were payable, or that there is no allegation that they were so presented. According to well-established rules of law, the maker of the note must show that he had funds at the place of payment, or that the paper was payable nowhere else, before he can be exonerated from interest, or he must show a tender. And it is admitted in the answer that the company suspended payment for many years for want of funds, and if resumption was had it was their duty to notify the fact. If the maker deposits *370 funds at the place of payment to meet the demand, then he is exempted from interest, otherwise he must hunt up the holder to tender if interest is to be avoided. It is insisted upon in the answer and in argument, that the complainants are precluded by the case of Virginia vs. The Canal Company in the courts of Maryland from this suit, the matters and things here involved having been there adjudicated, and the parties there being parties here. Exhibit No. 3 is admitted as evidence of the record, stating the points and objects of the bill in the case above referred to. The record in that case discloses that in December, 1867, a bill was filed in the circuit court of Baltimore County, Maryland, by the Commonwealth of Virginia vs. The State of Maryland, the Chesapeake and Ohio Canal Company, and TV. TV. Corcoran, George W. Riggs, Horatio Allen, J. B. H. Smith, and J. Philip Roman, trustees, and some others. The bill was filed to compel the canal company to apply its revenues, “first, to the payment of $200,000 repair-bonds issued by the company to repair the canal below dam No. 6, which bonds were guaranteed by the State of Virginia; second, to the payment of certain certificates of the company to the amount of $140,000, issued in lieu of coupons to Edson, Withers & Co., who, by arrangement with the company, had taken up said coupons, said certificates being now held by the company; third, to the payment of certain coupons on certain preferred bonds issued under the Maryland act of 1845, guaranteed by the State of Virginia, and secured by the deed of trust to W. W. Corcoran and others of June 8,1848, with interest on the overdue coupons.” From this record it appears that Corcoran, one of the present complainants, was before the court as a trustee and not as a party in individual interest, and the only matter or thing as regards the preferred bonds that was involved in the case was “ certain preferred bonds,” which we learn from the decree amounted to $300,000, guaranteed by the State of Virginia. Corcoran appeared, but only as trustee. It appears to have been a suit of State vs. State, in substance, though the form was State vs. a company for navigating objects, in which another State had an interest, and especially provided by law to consent to be made a party.
*371 If the learned court of appeals of Maryland decided a question involving the right of these complainants when they were not before the court, all the rules of law abhor the idea that they are concluded. Could Corcoran have taken an appeal in his capacity of individual holder of bonds or coupons from the decision in the case unless he had gone in under the decree ? The record discloses the case to have been a suit by Virginia, setting up priority over all creditors for the amount of the repair-bonds and some preferred bonds which she had guaranteed. Corcoran was made a party because he was trustee, in his representative capacity as trustee, to whom the mortgage had been made in trust, and his answer was resisting any decree giving to Virginia a priority over the creditors holding preferred bonds. The court did determine in that case that the claim of the State of Virginia to interest on the coupons could not be allowed. But the decree directed the payment to the State of the principal and the coupons which had been paid by her to the amount of $200,000; then that the $300,000 that had been guaranteed by the State should share pari passu with those held and unpaid by other parties. There was no calling in of all the creditors. These complainants had not been made parties. There was no obligation on the part of the trustee to make himself a party individually.
The third point stated in the bill was to determine the payment of the coupons, the bonds on which they were based being preferred bonds guaranteed by the State of Virginia. The question of interest upon the coupons was decided, but the decision can only, bind the parties properly before the court. The case is an authority to be cited as persuasive of what the law is on the point involved, but not conclusive upon these complainants. There is no part of the decree which provides for any holders of bonds or coupons other than Virginia’s guaranteed bonds, $200,000 repair, and $300,000 preferred, and $5,000 per year to the holders of bonds issued by the Potomac Company to come in and have their claims adjusted.
In fact, the whole record discloses a case got before the court for the purpose of eliciting an expression of opinion upon a general question, but which decree can in no just relation be held as res adjudicata, except as to Virginia.
*372 The hill in the case before us does not seek to disturb the decree of the Maryland courts; that stands untouched, for Virginia’s guaranteed bond and coupon holders have been paid off, except interest on the coupons under that decree.
The present complainants sue for themselves as creditors, and seek the enforcement of a lien they assert to exist on funds wholly independent of the funds in the courts of Maryland.
Under the Maryland decree, the complainants could bring an original bill even in the courts of that State, and they would not be bound by the former decree.
The courts of that State would not apply the res adjudicata, but of course they could apply the rule of stare decisis. But the court of appeals would be at liberty to overrule its former decision as not being law; but if res adjudicata, it could not do so on an original bill, and if these complainants, or either of them, could bring and maintain an original bill in Maryland, then the case is. not res adjudicata. And if a suit could be maintained in the courts of Maryland on an original bill, then it follows that suit may be maintained in this court.
It is nowhere pretended that Stewart was a party in any capacity to the Maryland suit.
. See the case of Good vs. Blewit, 16 Vesey, in which Lord Eldon gave as full and satisfactory an expose of the rules determining the rights of creditors in choosing their forms of proceeding as any case to be met with.
Where a creditor’s bill is filed on behalf of complainant and all other creditors who may choose to come in, then any creditor seeking to avail himself of the decree must himself make a party. Where one creditor files a bill on his own behalf, no other creditor is prevented from his own suit, unless he was directly made a party, and where a bill is filed by one creditor on his c wn and the behalf of all other creditors, no creditor who is not made a party directly, by proper process, is bound to gc into that case. If he seeks the benefit of the decree he must make himself a party in the usual form. But if he does not seek the benefit of the decree, he need not come in. And if he further does not seek by his own bill to disturb the former decree, by interfering with the fund already *373 disposed of, lie is not precluded from liis own suit. We have before said that the bill before us does not seek to disturb the funds in the courts of Maryland, and the parties are free to ask the courts of Maryland, or of any other jurisdiction, to apply a rule of law although different to the one applied in the former case. We are all agreed that the State of Maryland has been made a party if necessary to be made so. A State that enters into the ordinary business transactions,, mingling with individuals, puts herself on a level and must share the fate of suitors. United States Bank vs. Planters' Bank, 9 Wheaton.
It is insisted on, part of respondent that the decision of the court of appeals of Maryland being the construction of a statute of a State by its highest court, is binding upon all other courts. This proposition as a general one is true, unless the question passed upon by the State court comes within the well-recognized exceptions to the rule. The act of a State legislature which impairs the obligation of contracts is no law at all (though sustained by the decision of the highest judicial tribunal of the State) outside the territorial limits of the State, nor upon the courts of the United States sitting within the State.
The repeated decisions of the courts of the country that the coupons bear interest after maturity, if unpaid, could be based upon no other ground than that the sequence was a part of the contract. If a part of the contract it is binding upon the parties, and to impair it by attempting to postpone a lien which covered all, where there was no express stipulation limiting the lien, is, as far as I can see, impairing the obligation of the contract.
But we are not without adjudicated cases upon these questions. Swift vs. Tyson, 16 Peters; Williamson vs. Berry, 8 Howard; Jefferson Bank vs. Skelly, 1 Black.
The conclusion to which my mind has come — attempting to be guided by authority — is, that, on all the points made, the complainants are entitled to a decree, as far as the powers of this court may reach, to subject the revenues and tolls of the company, deducting the amounts as expressly provided, to the satisfaction of coupons and interest thereon.
It is probable that, under the pleadings as now presented. *374 nothing further could be decreed than an account as to the amount due, and the capacity of the tolls and revenues of the company, over and beyond the expenses provided for by the act and the mortgage, and leave the parties to amend the pleadings, and to make proofs of the management of the affairs of the canal.
I think, however, that enough appears to entitle the complainants to an account.
The decree below dismissed the bill, which, if affirmed, leaves the complainants without remedy for that which is admitted to be due them. Whereas, under the view here taken, this remedy would be left, but the company would not be deprived of the use and management of the canal, except gross negligence and misapplication of proceeds could be shown.